UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KROGER CO.** | : | **DOCKET NO. 12-CV-0956** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **DOOR CONTROL SERVICES, INC.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Remand [doc. 8] filed by plaintiff, Kroger and opposed by defendant, Door Control Services, Inc. (DCS). For the reasons set forth below, plaintiff's motion is **GRANTED**.

*Background*

Kroger originally filed suit on February 3, 2012, in Louisiana's Fourteenth Judicial District Court for the Parish of Calcasieu. Doc. 1, att. 9. In the state court petition, Kroger alleged breach of contract against DCS. In particular, it alleged that between the years 2001 through 2010 DCS failed to keep the doors it sold to Kroger in compliance with the American Association of Automatic Door Manufacturers certification standards in violation of the terms of their contract. *Id.*

DCS removed the suit to federal court on April 20, 2012. Doc. 1. In the notice of removal, DCS suggests that removal is proper because this court has jurisdiction based on 28 U.S.C. § 1332. Specifically, DSC states, "there is complete diversity of citizenship between the parties, and the damages plaintiff has placed in controversy are in excess of $75,000." *Id.* at ¶2. DCS further suggests that "[p]laintiff has never effected service or delivery of citation or summons upon Your Remover, though, and the first notice of its existence to Your Remover was

-1-

by undersigned on April 18, 2012." Doc. 1, ¶13. It contends that the petition and citation were sent to "an address for Your Remover that does not exist." *Id.* at ¶16. DCS concludes that since it filed its notice of removal on April 20, 2012, two days after it alleges it received notice of the suit, removal is timely.

On May 18, 2012, Kroger filed the instant motion to remand. Doc. 8. Kroger does not dispute that there is complete diversity between the parties and that the amount in controversy exceeds $75,000. Instead, Kroger argues in its motion to remand that DCS's notice of removal is untimely. Kroger contends that DCS has failed to meet the procedural requirements of 28 U.S.C. § 1446(b) in that the notice of removal was filed beyond thirty (30) days of service of process. Kroger asserts that it served DCS's agent for service of process via the Louisiana Long Arm Statute at the latest on March 8, 2012. Kroger asserts that it complied with all requirements of the long arm statute and proper service was perfected upon DCS. Therefore, Kroger concludes that the removal was untimely when DCS filed its notice on April 20, 2012, more than thirty (30) days after service.

DCS opposes remand for several reasons. First, it argues that Kroger attempted service for DCS at an address that is no longer in existence and that that Kroger had actual knowledge of its correct address and should have made service on it there. Next, it asserts that Kroger's attempted service did not provide it with "actual notice" of the lawsuit and the "unclaimed" letter does not constitute a "refusal" to accept service. Finally, it contends that Kroger failed to comply with certain procedural requirements of the Louisiana Long Arm Statute.

*Law and Analysis*

Section 1441 of Title 28, *United States Code*, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be

removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If removal is based on diversity of citizenship, the action is removable only if there is complete diversity and "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

According to 28 U.S.C. 1446(b) the notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …" The Supreme Court clarified this language in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999), holding that a defendant's thirty-day removal period commences on formal service of process, not merely on receipt of actual notice of the complaint through informal channels.

Although federal law requires the defendant to file a removal motion within thirty days of service, the term "service of process" is defined by state law. *Id.* at 352-53. So, in order to determine whether plaintiff complied with § 1446(b), we must look to see what constitutes service of process under Louisiana law.

The Louisiana Long Arm Statute, LA.REV.STAT. 13:3204, provides:

> a certified copy of the citation … and of the petition … shall be sent by counsel for the plaintiff, or by the plaintiff if not represented by counsel, to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state or by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general, limited, or small claims jurisdiction.

Kroger presented evidence that it served DCS, a Texas Corporation with its principal place of business in Ben Wheeler, Texas via the Louisiana Long Arm Statute by mailing a certified copy of the Citation and Petition to DCS's agent for service of process on February 13,

2012.  Doc. 8, att. 5.  Counsel for Kroger mailed the Citation and Petition to the registered agent, Don Gilchrist, at Rt. 1 Box 643, Ben Wheeler, TX. 75754, the address provided by the Texas Secretary of State.  Doc. 8, att. 3.  According to the United States Postal Service tracking information, notice was left at DCS on February 18, 2012. [1]  Doc. 8, att. 6.  On March 8, 2012 the United States Postal Service designated the item "unclaimed" and returned it to the sender, counsel for Kroger, on March 15, 2012.  *Id.*

DCS asserts that in approximately 1998, although the physical location of its facility did not move, the United States Postal Service changed its address from "Rt. 1 Box 643" to "321 VZ County Road 4500."  Doc. 12, p. 7.  DCS concedes, however, that it did not and still has not changed the address of its registered agent with the Texas Secretary of State.  Doc. 12, p. 7. DCS contends that Kroger had actual knowledge of its correct physical address due to other ongoing litigation between the parties and should have served it at its new address.  DCS argues in brief that Kroger knew precisely where it could be served but instead, "chose to forward service to an address known to be incorrect and waited until [it] believed the removal delays had passed" to provide DCS with a copy of the lawsuit.  Doc. 12, p. 15.

The court is not persuaded by this argument.  The court finds that Kroger did all that was required of it under Louisiana law to perfect service upon an out of state defendant.  Kroger relied on the public record provided by the Texas Secretary of State to issue service on DCS's registered agent as required by law.  As noted by Kroger, if it would have served DCS at its new address rather than that which was officially provided to the Texas Secretary of State, it could be subjecting itself to an exception of improper service by DCS.  We agree and conclude that the evidence shows Kroger properly followed the procedure set forth in LA.REV.STAT. 13:3204 for

---

[1] Counsel for Kroger notes that on the front of the envelope it appears that the United States Postal Service left additional notices on the dates of February 23 and March 3, 2012.  Doc. 8, att. 5, p. 3.  This, however is not included in the tracking information provided by the United States Postal Service.

service of process on an out of state defendant. Additionally, we find no evidence of forum manipulation or any reason to suspect any impious intent on the part of Kroger as suggested by DCS in its memorandum.

Relying on the case of *Tripp v. Pollard,* 1992 WL 236937 (E.D. La. Sept. 1, 1992), DCS next contends that the fact that the certified letter went "unclaimed" does not constitute a "refusal" to accept service. It argues that under *Tripp* a defendant must receive actual notice of the suit in order to effectuate service. It submits an affidavit of Don Gilcrist, the owner of DCS who states that DCS was unaware of any attempts by the United States Postal Service to serve it with the certified letter containing the subject lawsuit and he knows of no reason why service was not perfected. Doc. 12, att. 1. DCS urges the court to follow the reasoning in *Tripp* and find that since it did not receive actual notice of the suit by way of Kroger's long arm service, the service was ineffective.

In *Tripp*, plaintiff attempted to serve the defendant Pollard by (1) private process server, (2) sending a certified copy of the summons and complaint to defendant's parents home in Florida, (3) leaving a copy of the summons and complaint at defendant's alleged home in Louisiana, (4) sending a certified copy of the summons and complaint to defendant's home in Florida, and (5) serving a copy of the summons and complaint on the Louisiana Secretary of State. *Id.* at *1. The court found that service was accomplished "when plaintiff sent by certified mail a certified copy of the complaint and summons to defendant's residence in … Florida." *Id.* The court noted that under the facts of this particular case, the defendant could not "contest that he has had actual notice of this suit for at least several months."[2] The court went on, "[t]his action does not present a situation where defendant … had no notice of the pending litigation

---

[2] Pollard was represented by the same counsel as a co-defendant that had been an active participant in the lawsuit and in connection with a motion filed by the co-defendant Pollard executed an affidavit contesting the location of his residence.

when the certified letter was sent; rather, it is clear that he had notice for some time" and the court stated that there were "strong indications that [defendant] has been actively avoiding service." *Id.* at *4.

The *Tripp* court clearly rejected defendant's argument that because the certified mail was returned unclaimed, service pursuant to the Louisiana Long Arm Statute was invalid. The court stated, "[a] defendant cannot defeat service pursuant to LA.REV.STAT. 13:3204(A) by simply refusing to accept the certified letter." *Id.* at *3.

Although the *Tripp* court discussed an "actual notice" element in its holding, Judge Sear wrote, "I believe that 'actual notice' particularly under the facts of this case, should not be read to create an additional implied statutory requirement that a defendant personally receive or acknowledge the mailed service in all cases." *Id.*

The text of LA.REV.STAT. 13:3204 does not indicate whether the defendant must actually receive service in order to be effective, however Louisiana case law is clear that:

> all that is necessary to constitute service upon a non-resident under the long-arm statute is that counsel for the plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail, or actually deliver it in person. There is no requirement under § 3204 for a signed return receipt.

*HTS, Inc., v. Seahawk Oil & Gas, Inc.,* 889 So.2d 442, 444 (La.App. 3 Cir.2004) quoting *McFarland v. Dippel,* 756 So.2d 618, 622 (La.App. 1 Cir.2000).

Cases decided subsequent to the decision in *Tripp* confirm that *Tripp* did not add a new requirement of "actual notice" to the law governing long arm service. *See Hamilton v. Alvarado-Cruz,* 2009 WL 2175995 * 3 (M.D. La. July 21, 2009) ("service by mail does not require proof that the process was actually delivered to the party served"); *Dupree v. Torin Jacks, Inc.,* 2009 WL 366332 *2 (W.D. La. Feb. 12, 2009) (the court found that service was proper even though

no signed return receipt was in the record because the record did contain an affidavit from plaintiff's counsel documenting service of citation and petition by certified mail); *Stogner v Neilsen & Hiebert Sys., Inc.,* 2008 WL 4587304 *3 (E.D. La. Oct. 15, 2008) (there is no actual delivery requirement for service by mail).

Considering the above cases, the court finds that the *Tripp* case is inapplicable to the facts before it and rejects DCS's argument that actual notice of the lawsuit is required for service under the Louisiana Long Arm Statute.

Finally, DCS argues that Kroger has failed to comply with the procedure set out in the Louisiana Long Arm Statute by failing to file the affidavit of mailing as required by LA.REV.STAT. 13:3205. According to 13:3205, no default judgment or contradictory hearing can be held until 30 days after the filing of the affidavit of mailing. Since Kroger did not file the affidavit until it attached it as an exhibit to its motion to remand, DCS argues that plaintiff has failed to comply with the requirements of 13:3205 and the motion to remand should be dismissed.

In response, Kroger argues that LA.REV.STAT. 13:3205 only comes in to effect if the plaintiff is seeking a default judgment or hearing on a contradictory motion or other summary proceeding against the defendant. It argues that the affidavit is not required to be filed to effectuate proper service. Furthermore, Kroger asserts that even if the affidavit is required to be filed, it was filed more than 30 days prior to this court's hearing on the Motion to Remand.

In order for service to be perfected, plaintiff need only comply with 13:3204. Section 3205 is triggered if and when plaintiff attempts to obtain a default judgment, have a hearing on a contradictory motion, rule to show cause, or other summary proceeding. *Dupree v. Torin Jacks, Inc.,* 2009 WL 366332 (W.D. La. Feb. 12, 2009). The statute, titled "[d]efault judgment;

hearings; proof of service of process," states:

> No default judgment can be rendered against the defendant and no hearing may be held on a contradictory motion, rule to show cause, or other summary proceeding, except for actions pursuant to R.S. 46:2131 et seq., until thirty days after the filing in the record of the affidavit …

La.Rev.Stat. 13:3205

The court finds that 13:3205 is not applicable to the validity of service of process and therefore has no bearing on the issue of whether or not DCS timely removed within 30 days of service. The evidence in the record indicates that Kroger properly served DCS's agent for service of process via the Louisiana Long Arm Statute at the latest on March 8, 2012. Therefore, DCS's notice of removal filed on April 20, 2012, more than thirty (30) days after service is untimely.

*Conclusion*

For the foregoing reasons, it is **ORDERED** that Kroger's Motion to Remand [doc. 8] is **GRANTED** and that this action be **REMANDED** to the Fourteenth Judicial District, Parish of Calcasieu, State of Louisiana.

**IT IS FURTHER ORDERED** that this Order shall be **STAYED** for a period of fourteen days, pending any appeal to the District Judge. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall refer the action forthwith.

THUS DONE this 15th day of October, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE